ADELIA K. BROOME, RESPONDENT, *v.* HELEN F. TAYLOR AND JAMES T. TAYLOR, HER HUSBAND, APPELLANTS.

*Married women — coverture must be set up in answer — allegations of complaint as to.*

Where in an action brought against a husband and wife, upon a bond given by the wife, the caption of the complaint described him as "her husband," *held*, that this referred only to the time when the action was commenced, and did not amount to an allegation that she was a married woman at the time of giving the bond.

The complaint set forth a copy of the bond, in which she was described as the

wife of the defendant James. *Held,* that this did not amount to an allegation that she was the wife of the defendant James, but merely that she executed a paper in which she was so described.

APPEAL from an order overruling a demurrer as frivolous and directing a judgment for the plaintiff. The action was brought upon a bond executed by the defendant Helen F. Taylor. The defendant demurred on the ground that it appeared on the face of the complaint that the defendant was a married woman and not liable thereon.

*Crooks & Taylor,* for the appellants.

*James E. Broome,* for the respondent.

PRATT, J.:

The complaint nowhere alleges the coverture of the defendant Helen, at the time she executed the bond.

The caption of the complaint describes the defendant James as her husband.

But that can only be held to refer to the time when the action is brought.

The complaint contains a copy of the bond, in which defendant Helen is described as the wife of defendant James.

But the pleader does not thereby allege that she was his wife, merely that she executed a paper in which she was so described, in other words, that on a certain occasion, she called herself his wife. If the coverture existed, and was relied on as a defense, it should be distinctly pleaded.

Suppose defendant Helen had pleaded in bar to the complaint, that at the time she made the bond, she called herself a married woman.

That allegation would be the exact equivalent of the one now relied on to show her coverture.

It would be no defense to her bond, when pleaded as an answer, and it is no defect in the complaint that it appears therein.

Order affirmed, with costs and disbursements.

Present — PRATT and DYKMAN, JJ. BARNARD, P. J., not sitting.

Order overruling demurrer affirmed, with costs.